UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| D.S.S., a minor child, by and through Shantal Scott, his mother and legal guardian,<br><br>Plaintiff,<br><br>vs.<br><br>Ramsey County; and Correctional Officer Joseph Fiebiger, in his individual and official capacities,<br><br>Defendants. | Court File No.<br><br>**COMPLAINT WITH JURY DEMAND** |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under the common law of the State of Minnesota, against Ramsey County and Officer Fiebiger, in his individual and official capacities.

2. It is alleged that the Defendants violated Plaintiff's constitutional rights under the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution and committed torts under Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

1

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff D.S.S. is a minor child and was at all material times a resident of the State of Minnesota.

6. Plaintiff Shantal Scott is D.S.S.'s mother and legal guardian.

7. Defendant Ramsey County is a municipal corporation and the public employer of Defendant Officer Fiebiger. Defendant Ramsey County is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials.

8. Defendants Officer Joseph Fiebiger was at all times relevant to this complaint duly appointed and acting Correctional Officer employed by Ramsey County and/or Boys Totem Town, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or Ramsey County.

## FACTS

9. In September of 2017, Plaintiff D.S.S. was residing at Boys Totem Town in St. Paul, MN. Boys Totem Town is a residential program for adolescent boys who have been committed by the courts to treatment. Boys Totem Town is owned and operated by Defendant Ramsey County.

10. At the time of the subject incident, Plaintiff D.S.S. had recently turned 16-years-old.

11. At the time of the subject incident, Defendant Officer Fiebiger was an employee of Defendant Ramsey County and was employed as a supervising correctional officer at Boys Totem Town.

12. On the morning of September 13, 2017, Plaintiff was involved in a verbal argument with Totem Town staff over assigned seating in the cafeteria. Defendant Officer Fiebiger approached D.S.S. to give him instructions. Shortly after, the interaction between D.S.S. and Officer Fiebiger turned physical when Officer Fiebiger physically grabbed D.S.S. and D.S.S. instinctively responded by striking Officer Fiebiger. At this time, Officer Fiebiger became extremely emotional and angry with D.S.S.

13. Once the argument turned physical, Officer Fiebiger and other Totem Town correctional staff brought D.S.S. to the ground and handcuffed D.S.S. behind his back. D.S.S. was then brought to his feet, and Officer Fiebiger instructed other Totem Town correctional staff to escort D.S.S. to the special/segregated housing unit (SHU). At this time, no correctional staff involved had sustained any injuries. Similarly, Plaintiff D.S.S. had also not sustained any injuries at this time.

14. Next, two Totem Town correctional officers escorted D.S.S. to the SHU, and Officer Fiebiger followed closely behind. Plaintiff D.S.S. was fully cooperative as he was being escorted and he voluntarily walked to the SHU while handcuffed behind his back.

15. As the group walked towards the SHU, Plaintiff D.S.S. made some insulting remarks towards Officer Fiebiger. The other correctional officers ignored D.S.S. as D.S.S. was physically compliant and voluntarily walking with his hands behind his back. However, Defendant Officer Fiebiger became infuriated and ordered one of the two correctional officers escorting Plaintiff D.S.S. to release D.S.S.'s left arm. Officer Fiebiger was the supervising officer at

3

the time and the other correctional officers involved were required to follow Officer Fiebiger's directives.

16. Pursuant to Officer Fiebiger's directive, the other correctional officer then released D.S.S.'s left arm and stepped away. At this time, Officer Fiebiger grabbed D.S.S.'s left wrist and, as D.S.S. remained handcuffed behind his back, Officer Fiebiger whispered something to the effect of "how do you like that" into D.S.S.'s ear and then bent D.S.S.'s left wrist and yanked it upwards using severe, unnecessary, and excessive force, and immediately fracturing D.S.S.'s left wrist/arm. Plaintiff D.S.S. was able to feel/hear a crack in his left wrist/arm at the time of the fracture. Officer Fiebiger's unnecessary use of force caused D.S.S. to go up on his toes and loudly yell/squeal out in pain. At this time, Plaintiff D.S.S. was offering no physical resistance or obstruction whatsoever and was following directives and simply walking to the SHU as instructed while handcuffed behind his back. Plaintiff D.S.S. immediately experienced severe and excruciating pain in his left wrist/arm, and D.S.S.'s left wrist/arm immediately became swollen. Defendant Officer Fiebiger applied physical force to Plaintiff's left wrist/arm for the sole purpose of causing pain and injury to Plaintiff, which directly caused D.S.S.'s left wrist/arm to fracture.

17. Shortly after the incident described above, Plaintiff D.S.S. was transported to the emergency room, where he was diagnosed with a fracture of the left distal radius bone, which required surgical intervention and correction. Plaintiff D.S.S. had surgery the following day, at which time the fracture was corrected using a K-wire pinning procedure. Plaintiff D.S.S. then required a number of additional medical procedures and continued medical care to deal with the fracture in his wrist/arm caused by Defendant Officer Fiebiger.

18. As a result of Defendants' actions, Plaintiff suffered severe and excruciating pain during the incident and for an extended period of time following the incident. Plaintiff continues to suffer physical pain and discomfort in his left wrist/arm. Plaintiff also suffered severe emotional trauma and distress resulting from Defendants' actions described above, which continue to this day, as well as past and future medical expenses and past and future lost wages.

## **CLAIMS FOR RELIEF**

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AND/OR EIGHTH AND/OR FOURTEENTH AMENDMENT EXCESSIVE FORCE AGAINST OFFICER FIEBIGER

19. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

20. Based on the above factual allegations, Defendant Officer Fiebiger engaged in excessive and unnecessary force against Plaintiff when he fractured Plaintiff's left wrist/arm without justification. Defendant Officer Fiebiger engaged in physical force against Plaintiff without any legitimate justification and with the specific intent to cause pain and injury to Plaintiff.

21. Officer Fiebiger's actions against Plaintiff, as outlined above, were unreasonable and unnecessary, constitute punishment, were carried out for the purpose of punishment, were not reasonably related to any legitimate governmental interest or purpose, and are shocking to the conscience.

22. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: ASSAULT AGAINST OFFICER FIEBIGER AND RAMSEY COUNTY UNDER MINNESOTA STATE LAW

23. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

24. Based on the above factual allegations, Defendant Officer Fiebiger assaulted Plaintiff. Specifically, Officer Fiebiger engaged in wrongful, malicious, unlawful, and intentional

5

conduct intended to put Plaintiff in immediate, imminent, and direct fear and apprehension of an offensive touching when Officer Fiebiger made a threatening comment and grabbed and fractured Plaintiff's wrist/arm without justification.

25. Defendant Ramsey County is vicariously liable to Plaintiff for Defendant Officer Fiebiger's assault.

26. As a direct and proximate result of this assault, Plaintiff suffered damages as aforesaid.

### COUNT 3: BATTERY AGAINST OFFICER FIEBIGER AND RAMSEY COUNTY UNDER MINNESOTA STATE LAW

27. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

28. Based on the above factual allegations, Defendant Officer Fiebiger battered Plaintiff. Specifically, Defendant Officer Fiebiger engaged in intentional, offensive, and unpermitted contact with Plaintiff when Officer Fiebiger fractured Plaintiff's wrist/arm without justification.

29. Defendant Ramsey County is vicariously liable to Plaintiff for Defendant Officer Fiebiger's assault.

30. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### **RELIEF REQUESTED**

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the Fourth and/or Eighth and/or Fourteenth Amendments to the United States Constitution and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants committed assault and battery against Plaintiff under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from these violations;

c. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

d. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

e. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

f. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: January 21, 2019    By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com